UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIX A. HAFEN,

               Plaintiff,

-against-

US CUSTOM & BORDER PROTECTION,

               Defendant.

22-CV-7277 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Felix A. Hafen, who resides in Centerport (Suffolk County), New York, brings this *pro se* action pursuant to the court's federal question jurisdiction, 28 U.S.C. § 1331, alleging that a fully restored vehicle that he had shipped from Brazil was damaged during customs inspection at the Port of Baltimore, Maryland. Named as Defendant is the United States Customs & Border Protection agency. For the following reasons, the Court construes Plaintiff's claims as arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, and transfers the action to the United States District Court for the Eastern District of New York.

## DISCUSSION

    The doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies and employees acting in their official capacities, except where sovereign immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of

sovereign immunity, unless such immunity is waived."). Because the U.S. Customs & Border Patrol is a federal agency, Plaintiff's claims for money damages would be barred by the doctrine of sovereign immunity.

The FTCA provides, however, a limited waiver of sovereign immunity for money damages for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). The Court therefore construes Plaintiff's claims as arising under the FTCA.

Venue for Plaintiff's FTCA claims is not proper in this district. "Any civil action on a tort claim against the United States under [28 U.S.C. § 1346(b)] may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff resides in Centerport, New York, and he alleges that the United States Customs & Border Patrol agency damaged his vehicle in Baltimore, Maryland. Centerport, New York is in Suffolk County, which falls in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Baltimore, Maryland is in Baltimore County, which falls in the United States District Court for the Northern District of Maryland. *See* 28 U.S.C. § 100(1). Venue for Plaintiff's FTCA claim is therefore proper in both the Eastern District of New York, and in the Northern District of Maryland, and the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

3

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 30, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                            Chief United States District Judge